UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VYACHESLAV HRYZHUK, | No. 2:14-cv-2561-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN COLVIN, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") terminating his previously granted Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.  BACKGROUND

Plaintiff previously filed an application for SSI, alleging that he had been disabled since September 1, 2004. Administrative Record ("AR") 157-161. He was found to be disabled and was awarded SSI. *Id*. at 70. However, on January 27, 2012, the Social Security Administration determined that plaintiff was no longer disabled as of January 1, 2012. *Id*. at 119-122. Plaintiff requested a hearing before an ALJ, *id*. at 105, which was held on April 18, 2013, before ALJ

1

Carol Eckersen. *Id*. at 43-69. Plaintiff had non-attorney Svetlana Kumansky at the hearing, at which plaintiff and a vocational expert ("VE") testified. *Id*.

On June 14, 2013, the ALJ issued a decision finding that plaintiff was no longer disabled under section 1614(a)(3)(A) of the Act. *Id*. at 6-23. The ALJ made the following specific findings:

1. The most recent favorable medical decision finding that the claimant was disabled is the determination dated December 1, 2004. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, the claimant had the following medically determinable impairment: schizoaffective disorder.[1] This impairment was found to meet section(s) 12.06 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)).

\* \* \*

3. The medical evidence establishes that, as of January 1, 2012, the claimant had the following medically determinable impairments: lumbar degenerative changes and depression. These are the claimant's current impairments.

4. Since January 1, 2012, the claimant has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).

\* \* \*

5. Medical improvement occurred as of January 1, 2012 (20 CFR 416.994(b)(1)(i)).

\* \* \*

6. The medical improvement is related to the ability to work because, as of January 2012, the claimant's CPD impairments(s) no longer met or medically equaled the same listing(s) that was met at the time of the CPD (20 CFR 416.994(b)(2)(iv)(A)).

\* \* \*

7. Beginning on January 1, 2012, the claimant has continued to have a severe impairment or combination of impairments (20 CFR 416.994(b)(5)(v)).

\* \* \*

---

[1] The CDR in the administrative record is dated December 15, 2004, and indicates that plaintiff's primary diagnosis was anxiety related disorders, with a secondary diagnosis of "Sprains and Strains – All Types." AR 70.

2

8. Beginning on January 1, 2012, based on the current impairments, the claimant has had the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except claimant is limited to occasional postural maneuvers such as climbing, stooping, crouching, and kneeling.  In addition, he is limited to simple routine tasks.

\* \* \*

9. The claimant has no past relevant work (20 CFR 416.965).

10. On January 1, 2012, the claimant was a younger individual age 18-49 (20 CFR 416.963).

11. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

12. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

13. Beginning on January 1, 2012, considering claimant's age, education, work experience, and residual functional capacity based on the current impairments, the claimant was able to perform a significant number of jobs in the national economy (20 CFR 416.960(c) and 416.966).

\* \* \*

14. The claimant's disability ended on January 1, 2012, and the claimant has not become disabled again since that date (20 CFR 416.994(b)(5)(vii)).

*Id*. at 12-19.

Plaintiff's request for Appeals Council review was denied on September 4, 2014, leaving the ALJ's decision as the final decision of the Commissioner.  *Id.* at 1-4.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521 (9th

Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.    ANALYSIS

Plaintiff argues that remand is necessary because (1) the ALJ failed to consider all of plaintiff's medical records in determining that he was no longer disabled, and (2) the ALJ's finding of medical improvement is not supported by substantial evidence. ECF No. 15 at 8-15.

Plaintiff first argues that the record is incomplete, as the underlying medical evidence upon which the comparison point decision ("CPD") was based is not included in the record. ECF No. 15 at 5-6.

Social security claimants have the initial burden of proving disability. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5; *Iida v. Heckler*, 705 F.2d 363 (9th Cir. 1983). "Once a claimant has been found to be disabled, however, a presumption of continuing disability arises in her favor." *Bellamy v. Secretary of Health and Human Services*, 775 F.2d 1380, 1381 (9th Cir. 1985) (citing *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983)). A claimant that has been awarded SSI is subject to periodic disability review. 20 C.F.R. § 416.994(a). To determine whether a claimant continues to be disabled for purposes of receiving SSI benefits, the Commissioner must engage in a seven-step evaluation process. 20 C.F.R. § 416.994(b)(5)(i)-(vii). During step two, which is of particular importance to the instant dispute, the Commissioner determines whether the claimant has experienced "medical improvement." 20 C.F.R. § 416.994(b)(5)(ii).

A "medical improvement" is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in

medical severity must be based on changes (improvement) in the symptom, signs and/or laboratory findings associated with your impairment(s) . . . ." 20 C.F.R. § 416.994(b)(1)(i). The Commissioner bears the burden of proving "medical improvement." *Bellamy*, 755 F.2d at 1381; *see also Murray*, 722 F.2d at 500 (finding the Secretary had the burden to come forward with substantial evidence of improvement). To determine whether "medical improvement" has occurred, the Commissioner "will compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled . . . to the medical severity of that impairment(s) at that time." 20 C.F.R. § 404.1594(b)(7).

Plaintiff essentially argues that the ALJ could not have made this comparison because the ALJ "did not have the medical evidence, or virtually anything else, from the comparison point decision." ECF No. 15 at 8-9. The Commissioner argues that plaintiff's contention is speculation and that plaintiff "does not actually identify any evidence that was previously considered or somehow missed by the ALJ." ECF No. 20 at 4-5.

Contrary to the Commissioner's contention, plaintiff does identify evidence that the ALJ failed to consider. Plaintiff cites to a Disability Hearing Officer's Decision dated October 3, 2012, which indicates that the evidence from the time of the CPD included medical records from the Manzanita Medical Center dated January through September 2004, and records from "Turning Point/Sacramento" dated June through September 2004. ECF No. 15 at 3-4. The administrative record, however, contains no records from "Turning Point/Sacramento," and the only document from the Manzanita Medical Center predating the CPD is an x-ray of plaintiff's lumbosacral spine dated February 24, 2004. *See* AR 314.

As explained below, the medical records from the time of the CPD should have been included in the administrative record in this case. Since such evidence was not included in the administrative record, the Commissioner has failed to demonstrate that medical improvement occurred and the matter must therefore be remanded for further consideration.

The U.S. Court of Appeals for the Ninth Circuit has not yet addressed the precise manner in which an ALJ must compare a claimant's previous and current impairments to determine

whether medical improvement has occurred.  However, other circuit courts have found that an ALJ must evaluate the medical evidence upon which the claimant's original disability status was based, as well as the current medical evidence, when determining if medical improvement exists. *See Byron v. Heckler*, 742 F.2d 1232, 1236 (10th Cir. 1984) (per curiam) ("In order for evidence to be present, there must also be an evaluation of the medical evidence for the original finding of disability."); *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984) (holding the ALJ was "required to evaluate the medical evidence upon which [claimant] was originally found to be disabled" to prove medical improvement); *Veino v. Barnhart*, 312 F.3d 578, 587 (2d Cir. 2002) (finding that the court lacked an adequate basis to uphold the Commissioner's conclusion that medical improvement had occurred because the record did not include the medical evidence as to claimant's condition when he was initially found disabled).  District courts in this Circuit that have reached the issue have similarly concluded that in deciding whether medical improvement has occurred, an ALJ must compare current medical evidence to the medical record from the time of the CPD.  *See Thao v. Astrue*, 2010 WL 1795887 (E.D. Cal. May 4, 2010) (remanding a case for cessation of disability benefits where "the Commissioner has not presented this court with the record supporting the CPD."); *Chambers v. Astrue*, 2012 U.S. Dist. LEXIS 95095 (D. Or. Jul. 10, 2012) (finding a short summary of the previous medical records was not enough to compare plaintiff's impairments and determine if medical improvement had occurred); *Lee v. Astrue*, 2012 WL 928741 (E.D. Cal. Mar. 16, 2012) (remanding a case for cessation of disability benefit where it was "unclear whether the ALJ had reviewed or considered the medical evidence underlying the [CPD] in assessing whether plaintiff experienced medical improvement").  This comparative approach presents the most rational and least speculative means for making a determination of whether medical improvement has been demonstrated.

The Commissioner contends that the x-ray results, as well as medical records from the Ukrainian Department of Public Health, demonstrate that the ALJ had access to prior medical records. ECF No. 20 at 5.  The Commissioner's argument ignores the complete lack of records in the administrative records from "Turning Point/Sacramento."  Furthermore, the Disability Hearing Officer's Decision indicates that the CPD relied on nine months of medical records from

1  Manzanita Medical Center, not a single piece of paper documenting the results of an x-ray.

2  Moreover, the probative value of the x-ray results to the determination of whether there was

3  medical improvement is minimal given that plaintiff was determined to be disabled primarily due

4  to "Anxiety Related Disorders." *Id*. at 70.

5  As for documents from the Ukrainian Department of Public Health, these records consist

6  of only three pages, one of which is a certification page. *Id*. at 216-218.  These records, dated

7  August 14, 2003, simply indicate that plaintiff was first diagnosed with schizophrenia in 1989 and

8  that due to his impairment he was unable to work in "common industrial conditions." *Id*. at 216-

9  17.  The inclusion of these negligible documents in the record does not demonstrate that the ALJ

10 compared the medical evidence at the time of the CPD to the plaintiff's current medical record.

11 Significantly, the exhibit list attached to the ALJ's decision demonstrates that with the exception

12 of the x-ray results the ALJ did not consider records from the time of the CPD generated by

13 Turning Point and Manzanita Medical Center.

14 Thus, it is clear that the ALJ did not compared plaintiff's medical records from the time of

15 the CPD to his current medical records.  As noted before, the record contains a Disability Hearing

16 Officer's Decision, which discussed plaintiff's prior medical records.  AR 88-100.  This decision,

17 however, does not constitute evidence establishing plaintiff's impairments at the time of the CPD.

18 *See Veino*, 312 F.3d at 587.  Furthermore, the ALJ's decision does not cite to or reference any

19 specific medical evidence from the time of the CPD.  Accordingly, the ALJ failed to compare the

20 current medical evidence with the medical record from the time of the CPD, and the matter must

21 be remanded to permit the ALJ to conduct the appropriate comparison.[2]

22 IV.     CONCLUSION

23 The ALJ's decision is not supported by substantial evidence.  Therefore, it is hereby

24 ORDERED that:

25      1. Plaintiff's motion for summary judgment is granted;

26      2. The Commissioner's cross-motion for summary judgment is denied;

---

[2] Because the court finds that remand is necessary based on the ALJ's failure to consider all of the medical evidence, the court declines to address plaintiff's additional argument.

7

3. The matter is remanded for further consideration consistent with this opinion; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: March 24, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE